

**FILED**

AUG - 5 2010

DAVID CREWS, CLERK

By

Deputy

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

RICK HAWKINS                                                    PLAINTIFF

v.                                        NO. 1:10CV193-AD

NORTHEAST MISSISSIPPI COMMUNITY
COLLEGE, CHARLIE BARNETT, individually
and in his official capacity as Dean of Instruction
at Northeast Mississippi Community College;
AND KAY CROW, individually and in her official
capacity as Head of the Department of Math and
Science at Northeast Mississippi Community College          DEFENDANTS

### JURY TRIAL DEMANDED

### <u>COMPLAINT</u>

    **COMES NOW** the Plaintiff, Rick Hawkins, and sues the Defendants, Northeast Mississippi Community College, Charlie Barnett, individually and in his official capacity as the Dean of Instruction at Northeast Mississippi Community College, and Kay Crow, individually and in her official capacity as the Head of the Department of Math and Science at Northeast Mississippi Community College, for compensatory and punitive damages and for this

cause of action would most respectfully show unto this Court the following facts, to wit:

PARTIES

1.  Plaintiff, Rick Hawkins, is an adult resident citizen of Booneville, Prentiss County, Mississippi.

2.  The Defendant, Northeast Mississippi Community College, is a public community college within the State of Mississippi and may be served with process upon it's President, Dr. Johnny Allen, 101 Cunningham Boulevard, Booneville, Mississippi 38829.

3.  The Defendant, Charlie Barnett, is an adult resident citizen of Prentiss County, Mississippi and may be served with process at his place of employment, Northeast Mississippi Community College located at 101 Cunningham Boulevard, Booneville, Mississippi 38829.

4.  The Defendant, Kay Crow is an adult resident citizen of Prentiss County, Mississippi and may be served with process at her place of employment, Northeast Mississippi Community College located at 101 Cunningham Boulevard, Booneville, Mississippi 38829.

JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 USC §1331. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 USC §2000, et.seq. Plaintiff further invokes the pendent jurisdiction of this Court to hear and

decide claims arising under State law. The state law claims include, but are not limited to, a handbook violation.

## FACTUAL SITUATIONS

6.     The Plaintiff, a male, holds a master's degree in mathematics and a doctorate degree in electrical engineering. The Plaintiff has seventeen years of teaching experience and ten years of experience in industry as an engineer.

7.     The Plaintiff was hired by Northeast Mississippi Community College in the fall of 1993 as an Electrical Technology Instructor. In approximately 2004, the Plaintiff began developing and teaching online mathematics courses in cooperation with the Department of Math and Science for overload pay. This allowed the Plaintiff to earn extra money, in addition to his pay as a technical instructor, and to work in the Department of Math and Science.

8.     In the Spring of 2005 the Plaintiff approached Kay Crow, the Division Head of the Department of Math and Science, and inquired about a full-time position as a math instructor. The Plaintiff was ultimately turned down for the position although he was qualified for the position and had experience in the Department of Math and Science by virtue of the online classes that he taught and created.

9.     In the Summer of 2005 three females, Melanie Roby, Mary Lou Beckman and Amy Marolt, were hired as full-time math instructors for the Fall 2005 semester. One of those females, Melanie Roby, had not completed her master's degree in mathematics prior to her hire date. That, in and of itself, is

3

a violation of Northeast Mississippi Community College's policy and a violation of the Mississippi State Department of Education's policy.

10.     Beginning with the Summer semester of 2008, Kay Crow began phasing out the Plaintiff as an online mathematics instructor by allowing females who were employed as full-time math instructors with the Department of Math and Science to teach the online classes that the Plaintiff had developed and taught for a number of years. Subsequent to these actions by Kay Crow, the Plaintiff filed an internal grievance for sex discrimination and was ultimately denied relief.

11.     A position for a full-time math instructor was posted at the end of the Spring semester of 2009 and the Plaintiff formally applied for same. The Plaintiff was granted an interview, but was ultimately denied the position. The position was then given to a female, Doris Wilcoxson. The Plaintiff filed an internal grievance for sex discrimination in regards to this situation, but was denied internal due process and was ultimately denied relief.

12.     Throughout the entire process of the Plaintiff applying for positions, being stripped of duties, being over looked for positions in the Math Department the Dean of Instruction, Charlie Barnett, allowed, condoned and confirmed the discriminatory actions of Kay Crow and, as such, the Plaintiff has been caused to suffer damages as the result of same.

13.     At the present, all of the full-time math faculty are female with the current and past two department heads being female.

4

14.     The Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has been issued a Right to Sue in this cause. As such, all administrative prerequisites have been met.

## CAUSES OF ACTION

15.     The Defendants violated federal laws in the unlawful discrimination of the Plaintiff. The Defendants' treatment of the Plaintiff, because of his gender, is arbitrary, unreasonable, and discriminatory, all in violation of Title VII of the Civil Rights Act of 1964. The Defendants exhibited ill will, malice, improper motive, and indifference to the Plaintiff's civil rights.

## DAMAGES

16.   As a proximate cause of the Defendants' conduct, the Plaintiff has suffered and continues to suffer damages in the form of substantial losses in earnings, job experience and other employee benefits that he would have received absent Defendants' discriminatory treatment. The Plaintiff has further suffered and continues to suffer humiliation, mental anxiety and stress, and mental pain and anguish as the proximate result of the Defendants' discrimination.

17.   The Plaintiff, Rick Hawkins, has suffered compensatory and punitive damages due to the outrageous, malicious, and improper actions of the Defendant.

5

18. The Plaintiff, Rick Hawkins, is further entitled to back pay, front pay and/or a position with the Department of Math and Science.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Rick Hawkins, respectfully prays for the following relief against the Defendants:

A.   Compensatory damages in an amount to be determined by this Court.

B.   Back pay in an amount to be determined by this Court.

C.   Front pay in an amount to be determined by this Court.

D.   A position with the Department of Math and Science.

E.   Punitive damages in an amount to be determined by this Court against Defendants, Charlie Barnett and Kay Crow.

F.   Reasonable attorney's fees and all costs of this court.

G.   Restore the online classes to Rick Hawkins which he developed and was previously teaching.

H.   Such other general and special relief as appears reasonable and just in this cause.

**RESPECTFULLY SUBMITTED,**

**MICHAEL D. COOKE, PLLC**
**MISS. BAR NO. 6503**
**ATTORNEY FOR PLAINTIFF**
Post Office Box 625
Iuka, MS 38852
Tel: (662)423-2000 / Fax: (662)423-2052

7