IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICK HAWKINS                                                     PLAINTIFF

V.                                            CAUSE NO.: 1:10cv193-SA-DAS

NORTHEAST MISSISSIPPI COMMUNITY
COLLEGE, ET AL.                                       DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed a claim against Defendants alleging gender discrimination in its failure to hire him as a full-time mathematics instructor and in phasing out his teaching of online courses. As the Plaintiff has failed to present evidence demonstrating that Defendants' actions were discriminatory, the Motion for Summary Judgment [20] is GRANTED.

*Factual and Procedural Background*

Rick Hawkins, a male, was hired by Northeast Mississippi Community College (NEMCC) in the fall of 1993 as an Electrical Technology Instructor. In 2004, he began teaching "overload" or online courses with the Department of Math and Science. In 2008, Dr. Charlie Barnett was appointed Dean of Instruction at NEMCC. As Dean, Dr. Barnett decided to phase out the instruction of online courses by adjunct or part-time faculty. Instead, Kay Crow, the Head of the Math and Science Department, as well as all other department heads, offered those "overload" teaching positions to her full-time instructors. At the time, all full-time mathematics instructors were female.

In the Spring of 2009, Hawkins applied for a full-time math instructor position. He was interviewed but not hired for the position. NEMCC hired a female for the full-time teaching position.

Hawkins filed a charge with the EEOC and received his right to sue letter. Defendants filed

this Motion for Summary Judgment contending Plaintiff cannot submit evidence that his phasing out of the online courses or his not being hired was discriminatory. Plaintiff did not respond to the outstanding motion.

*Summary Judgment Standard*

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'…that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by…affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*Discussion and Analysis*

Claims of gender discrimination are governed by the evidentiary standard adopted in

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003)(internal citations omitted). Once the plaintiff has established a prima facie case the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the employment decision. McDonnell Douglas, 411 U.S. at 802-03, 93 S. Ct. 1817. If the defendant is able to articulate a legitimate reason for its action the ultimate burden rests on the plaintiff to prove the employment decision was the result of a discriminatory practice. Id. at 804, 93 S. Ct. 1817.

A plaintiff may make a prima facie case for gender discrimination by showing that: (1) he is a member of a protected class; (2) he sought and was qualified for the position in question; (3) he was denied or discharged from that position or suffered some adverse employment action; and, (4) that a person outside his protected class replaced him or a person outside his protected class and with similar qualifications was treated more favorably. Id. at 802, 93 S. Ct. 1817.

For purposes of this motion only, Defendants concede that Plaintiff satisfies the prima facie burden, even though his qualifications would be ultimately in dispute if this case were to make it to trial.

The burden then shifts to Defendants to articulate a legitimate non-discriminatory reason for the employment decision. McDonnell, 411 U.S. at 803-04, 93 S. Ct. 1817. Kay Crow explained that the decision to shift online teaching positions from adjunct or part-time professors to full-time instructors was instituted campus-wide by Dr. Charlie Barnett. Crow noted that in 2008, NEMCC's accreditation was being reviewed by the Southern Association of Colleges and Schools, and that inadequate faculty credentials was an issue for the school. Barnett believed that using full-time

3

instructors to teach the online classes would boost NEMCC's scores in faculty credentialing.

Defendants maintain that Hawkins was not hired as a full-time mathematics professor based on the interview committee's evaluation of his teaching style, resume, experience and interview. The interview committee consisted of Dr. Charlie Barnett, Kay Crow, Wilda Pounds, and Mark Hurley. The applicants were given the same mathematical problem to "teach" so that the committee could evaluate their teaching methodology. According to their evaluation sheets attached to the summary judgment motion, Plaintiff was "ranked" fifth out of six interviewees. He was not the highest ranked male. The committee members noted that Plaintiff made "fundamental errors" on the designated problem, remained seated during his entire presentation, and presented the math problem by Powerpoint. Otherwise, Plaintiff had no experience teaching a "live" or in person mathematics class, and his methodology was unimpressive to the committee members. Defendants note that although Plaintiff has his doctoral degree in engineering, he, like the other applicants, only had a masters degree in mathematics.

The female hired, Danielle Willcoxon, had thirty years teaching experience on the secondary school level and was an adjunct mathematics professor at NEMCC. All committee members noted her extensive teaching experience, excellent presentation skills, and knowledgeable grasp of the subject matter. Therefore, Defendants have presented a legitimate, non-discriminatory reason for Plaintiff being phased out of the online courses and not being hired as a full-time mathematics instructor. This "causes the presumption of discrimination to dissipate." Laxton, 333 F.3d at 578.

The ultimate burden rests on Plaintiff to prove the employment decision was the result of a discriminatory practice. McDonnell Douglas, 411 U.S. at 804, 93 S. Ct. 1817. Under Title VII, Plaintiff must prove that (1) the Defendants' reason is not true, but is instead a pretext for

4

discrimination (pretext alternative), or (2) the Defendants' reason, though true, is only one of the reasons for its conduct, and another motivating factor is the Plaintiff's protected characteristic (mixed-motives alternative). Davis v. Farmers Ins. Exchange, 372 F. App'x 517, 519 (5th Cir. 2010) (citing Laxton, 333 F.3d at 578).

Plaintiff has failed to put forth any evidence of a discriminatory intent or motive on the part of Defendants. In fact, Plaintiff admitted in his deposition that he did not have any factual evidence to back up his theory of gender discrimination, only a subjective belief that the reason he was not hired as a full-time mathematics instructor and his online classes were phased out was because he was male. See Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983) (noting that the Fifth Circuit is "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief."). The Fifth Circuit has "recognized that generalized testimony by an employee regarding his subjective belief that his discharge was the result of . . . discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge." Elliott, 714 F.2d at 564. For these reasons, the Court finds that the Plaintiff's evidence is not "so persuasive as to support an inference that the reason [for the employment actions against Plaintiff] was discrimination." Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000).

Defendants' Motion for Summary Judgment [20] is GRANTED.

SO ORDERED, this the 11th day of July, 2011.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**